UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MASSACHUSETTS

**04 11898 NMG**

AT&T CORP.,

    Plaintiff,

v.

SKYWORKS SOLUTIONS, INC. f/k/a ALPHA INDUSTRIES, INC.; and JOHN DOES (1-10), representing various individuals and entities whose names and addresses are presently unknown,

    Defendants.

Civil Action No.:

**COMPLAINT**

MAGISTRATE JUDGE _____

RECEIPT # 58329
AMOUNT $150
SUMMONS ISSUED ___
LOCAL RULE 4.1 ___
WAIVER FORM ___
MCF ISSUED ___
BY DPTY. CLK. ___
DATE 8/31/04

Plaintiff AT&T Corp. ("AT&T"), by way of Complaint against Defendants Skyworks Solutions, Inc. f/k/a Alpha Industries, Inc., ("Alpha") and John Does (1-10), representing various individuals and entities whose names are presently unknown, (collectively "Defendants"), alleges as follows:

## NATURE OF CASE

1. AT&T sues Defendants for unpaid charges for telecommunications services provided by AT&T to Defendants pursuant to express and/or implied contracts between AT&T and Defendants (the "Contracts").

## PARTIES

2. AT&T is a corporation organized and existing under the laws of the State of New York and maintains a principal place of business in Bedminster, New Jersey.

3. On information and belief, Alpha is a corporation organized under the laws of the state of Delaware with its principal place of business in Woburn, Massachusetts.

12459/814
08/12/04 1592170.01

4. On information and belief, John Does (1-10) are affiliated with Defendant Alpha and have received and/or utilized AT&T's services and/or are responsible in whole or in part for payment of the amounts claimed by AT&T herein.

## JURISDICTION

5. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332, as diversity of citizenship between the parties exists and the matter in controversy, exclusive of interest and costs, exceeds the sum or value of $75,000.

## VENUE

6. Venue is proper in the Eastern District of Massachusetts pursuant to 28 U.S.C. § 1391, because a substantial part of the events and omissions giving rise to the claims occurred in this district.

## FIRST COUNT
### (Breach of Contract)

7. AT&T repeats and reiterates the allegations contained in the foregoing paragraphs as if set forth fully herein.

8. At all times relevant to this action and pursuant to the Contracts, Defendants agreed to pay AT&T for telecommunications services provided by AT&T. The Contracts make Defendants responsible for the payment of all invoices for telecommunications services rendered to Defendants as well as all other associated charges.

9. AT&T provided Defendants with telecommunications services, which were used by Defendants.

10. AT&T billed Defendants $77,383.21 (the "Amount") in accordance with the applicable rates and charges set forth in the Contracts for telecommunications services provided

from in or about June 2002 through about August 2003 relative to account numbers 8000-086-6386; 171-785-1224-154; 186-580-4685-611; 051-319-3272-001; and 052-373-2399-001.

11. Defendants were obligated to pay AT&T for telecommunications services rendered to Defendants, from AT&T, as well as other applicable charges.

12. Defendants have failed and refused to pay the Amount owed to AT&T. The amount remains due and owing from Defendants.

**WHEREFORE**, AT&T demands judgment against Defendants on the First Count of the Complaint:

(1) in the amount of $77,383.21 plus pre-judgment and post-judgment interest;

(2) awarding costs and disbursements incurred by AT&T in prosecuting this action, including reasonable attorneys' fees; and

(3) for such other and further relief as the Court deems just and proper.

### SECOND COUNT
### (Book Account)

13. AT&T repeats and reiterates the allegations contained in the foregoing paragraphs as if set forth fully herein.

14. There is due from Defendants the Amount on a certain book account for telecommunications services rendered to Defendants, from AT&T. Payment has been demanded and has not been made.

**WHEREFORE**, AT&T demands judgment against Defendants on the Second Count of the Complaint:

(1) in the amount of $77,383.21 plus pre-judgment and post-judgment interest;

(2) awarding costs and disbursements incurred by AT&T in prosecuting this action, including reasonable attorneys' fees; and

(3) for such other and further relief as the Court deems just and proper.

### THIRD COUNT
### (Promissory Estoppel)

15. AT&T repeats and reiterates the allegations contained in the foregoing paragraphs as if set forth fully herein.

16. AT&T sues Defendants for telecommunications services rendered to Defendants, on the promise by Defendants to pay the Amount. Payment has been demanded and has not been made.

**WHEREFORE,** AT&T demands judgment against Defendants on the Third Count of the Complaint:

(1) in the amount of $77,383.21 plus pre-judgment and post-judgment interest;

(2) awarding costs and disbursements incurred by AT&T in prosecuting this action, including reasonable attorneys' fees; and

(3) for such other and further relief as the Court deems just and proper.

### FOURTH COUNT
### (Quantum Merit and Unjust Enrichment)

17. AT&T repeats and reiterates the allegations contained in the foregoing paragraphs as if set forth fully herein.

18. AT&T rendered to Defendants telecommunications services valued at $77,383.21.

19. AT&T sues Defendants for the reasonable value of telecommunications services rendered to Defendants, from AT&T. Payment has been demanded and has not been made.

20. Defendants have thus been unjustly enriched in the amount of $77,383.21, and AT&T is entitled to be compensated for the benefit it has conferred on Defendants.

**WHEREFORE,** AT&T demands judgment against Defendants on the Fourth Count of the Complaint:

(1) in the amount of $77,383.21 plus pre-judgment and post-judgment interest;

(2) awarding costs and disbursements incurred by AT&T in prosecuting this action, including reasonable attorneys' fees; and

(3) for such other and further relief as the Court deems just and proper.

Dated: August 31, 2004

KIELY & VISNICK

By:_____
Kevin J. Kiely, Esq. (Bar No.542043)
11 School Street
Rockport, MA 01966
978.546.2525
978.546.9758 Telecopier

-and-

Brenda D. Kunzweiler, Esq.
LOWENSTEIN SANDLER PC
65 Livingston Avenue
Roseland, NJ 07068
973.597.2500
973.597.2400 Telecopier
Attorneys for Plaintiff AT&T Corp.

JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
AT&T Corp.

**DEFENDANTS** Skyworks Solutions, Inc. f/k/a Alpha Industries, Inc. and Jean Does (1-10) [handwritten, partially illegible]

(b) County of Residence of First Listed Plaintiff: Piscataway, NJ
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed: Middlesex County
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Kevin J. Kelly, Esq.
[illegible] Rockport, MA 01966
11 School Street, 978-546-2525

Attorneys (If Known)

[Stamp: 04 11898 NMG]

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury— Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | | | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 810 Selective Service |
| | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | ☐ 690 Other | ☐ 840 Trademark | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 891 Agricultural Acts |
| ☒ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | | | ☐ 862 Black Lung (923) | ☐ 893 Environmental Matters |
| | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 894 Energy Allocation Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 864 SSID Title XVI | ☐ 895 Freedom of Information Act |
| | | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | | |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | |
| ☐ 240 Torts to Land | | ☐ 535 Death Penalty | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 540 Mandamus & Other | ☐ 871 IRS Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights | ☐ 550 Civil Rights | | |
| | | ☐ 555 Prison Condition | | |

**V. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Unpaid charges for Telecommunications services pursuant to FCC filed tariff
28 USC 1331 and 28 USC 1332(a)  28 USC 1332

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
**DEMAND $** 177,393.21
**CHECK YES only if demanded in complaint:**
**JURY DEMAND:** ☐ Yes ☒ No

**VIII. RELATED CASE(S) IF ANY** (See instructions):
JUDGE _____
DOCKET NUMBER _____

DATE: 8/31/04
SIGNATURE OF ATTORNEY OF RECORD: [signature]

**FOR OFFICE USE ONLY**
RECEIPT # ____  AMOUNT ____  APPLYING IFP ____  JUDGE ____  MAG. JUDGE ____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) _AT+T Corp v Skyworks Solutions, Inc_

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

    ☐ I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

    ☐ II.  195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,    *Also complete AO 120 or AO 121
           740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.       for patent, trademark or copyright cases

    ☒ III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
           315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
           380, 385, 450, 891.

    ☐ IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
           690, 810, 861-865, 870, 871, 875, 900.

    ☐ V.   150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
   YES ☐   NO ☒

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
   YES ☐   NO ☒

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
   YES ☐   NO ☐

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
   YES ☐   NO ☒

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
   YES ☒   NO ☐

   A. If yes, in which division do all of the non-governmental parties reside?
      Eastern Division ☒   Central Division ☐   Western Division ☐

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
      Eastern Division ☐   Central Division ☐   Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
   YES ☐   NO ☐

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME _Kevin J Kiely_
ADDRESS _16 School St  Rockport MA 01966_
TELEPHONE NO. _978 546 2525_

(Coversheetlocal.wpd - 10/17/02)